John **SHAMALEY**, Appellant,

v.

Louis J. **RUBIN**, Appellee.

No. 6067.

Court of Civil Appeals of Texas, El Paso.

May 20, 1970.

Rehearing Denied June 10, 1970.

Joe A. Morgan, Howard Jefferson Gibbs, El Paso, for appellant.

Goodman, Hallmark, Hoy & Beard, Bruce Lowenhaupt, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit on a promissory note payable to the State National Bank of El Paso and executed by Candy Lane, Margaret Van Kleef, John Shamaley and Louis Rubin, in that order. Lane and Van Kleef were the operators of a beauty shop business called "Headhunters, Inc." and signed the note and a security agreement in the capacity stated as "dba Headhunters, Inc." They paid one of the monthly installments, became delinquent, and appellee Rubin then paid off the balance and was assigned the note and security agreement by the bank. He brought this suit against the other signatories on the note and recovered judgment by default against Lane and Van Kleef for the full amount of the balance due (after credit for the sale of property under the security agreement), and the court directed a verdict for contribution in favor of Rubin against Shamaley for one-half of such balance. Shamaley appeals from that directed verdict, which also denied his counter-claim for conversion.

Shamaley's contention is that he was an accommodation maker, that Rubin was the party accommodated, and facts questions for the jury arise as to the positions of the parties. Rubin had sold Headhunters, Inc. beauty shop equipment, and they had traded in certain equipment which they had purchased, but not paid for, from one Griffin. When they were unable to pay either Griffin or Robin, arrangements were made by Rubin for the note in question. From the proceeds of the note, the bank paid Rubin and Griffin, with a small balance of such proceeds left over for Headhunters, Inc. From the facts that Rubin was paid for his equipment and got the title cleared to the trade-in property, plus the fact that he made the arrangements for the note, appellant Shamaley says the court erred in holding, (1) Rubin was not the party accommodated, (2) Shamaley was not an accommodation endorser who received no benefit, and (3) that there was no fact issue.

■ Appellant's contention that Rubin was the party accommodated and that he, Shamaley, was not liable as an "accommo-

dation endorser without benefit" must fail by the provisions of the Uniform Commercial Code—Commercial Paper, as found in Vernon's Texas Codes Annotated, Business and Commerce Code (hereinafter referred to as the Code). The note in question recites that "I, We, or either of us promise to pay to the order of The State National Bank of El Paso, * * *". The signatures appear in this manner:

"Candy Lane" Margaret Van Kleef dba Headhunters, Inc. (typed)

BY  s/  Candy Lane

BY  s/  Marge Van Kleef
      s/  John Shamaley
      s/  Louis J. Rubin"

The note was secured by a Security Agreement in which it specifically provides that Candy Lane and Margaret Van Kleef, dba Headhunters, Inc. is the "DEBTOR", and it was signed only by Lane and Van Kleef.

Clearly, Rubin and Shamaley appear on the face of the note liable to the bank in the same capacity. There is nothing on the face of the note to indicate the contrary. Sec. 3.118(5) of the Code provides:

"Unless the instrument otherwise specifies two or more persons who sign as maker, acceptor, or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay'."

Just as clearly, Rubin and Shamaley were sureties for the principal obligors, Lane and Van Kleef, in the capacity of accommodation parties. By the note and the specified terms of the security agreement, Lane and Van Kleef were the debtors—they were the parties accommodated.

Section 3.415 of the Code provides, under "Contract of Accommodation Party":

"(a)  An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.

"(b)  When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation."

We hold that both Rubin and Shamaley were accommodation parties and that no fact question exists for jury determination as to that.

Under subdivision (e) of Section 3.415, it is provided that an accommodation party who pays the instrument has a right of recourse against the party accommodated. Rubin recovered judgment against the accommodated parties. We are of the opinion that Rubin was also entitled to the judgment of contribution against Shamaley for one-half of the amount paid on the instrument.

■ From the above, it follows that Rubin was not guilty of conversion of any of Shamaley's fixtures which were listed in the security agreement. When Rubin paid off the note to the bank, he received an assignment of it and the security agreement, and he was not guilty of conversion in exercising his rights of foreclosure under such agreement.

All assignments of error have been considered, and all are overruled.

The judgment of the trial court is affirmed.

WARD, J., not participating.